IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA          )
                                  )
v.                                )     CASE NO. 4:18-cr-00083
                                  )
SHAHEE GORDON,                    )
                                  )
        Defendant.                )
_____ )

**O R D E R**

Before the Court is Defendant Shahee Gordon's Motion for Credit for Time Served (Doc. 39), which the Government opposes (Doc. 40). In his motion, Defendant seeks credit for time served to be applied toward his federal sentence. (Doc. 39 at 1.)

Defendant was sentenced by this Court on August 28, 2018, following his plea of guilty to possession of firearm by a prohibited person. (Doc. 31.) A custodial sentence of 63 months was imposed, with Defendant's Judgment and Commitment Order specifying that such sentence should be served concurrently with any sentence imposed by the State for the related firearm charge, but consecutively to any sentence imposed on unrelated pending state charges. (Doc. 34 at 2.) The Court also *recommended* to the Bureau of Prisons ("BOP") that it award credit toward Defendant's federal sentence for all time spent in custody since March 28, 2017, the date he was arrested for the related state charge. (Id.) Defendant complains that the BOP began the calculation of his federal sentence from June 15,

2017, and not from the Court-recommended date of March 28, 2017. (Doc. 39 at 1.)

The Court must deny Defendant's motion. The BOP, not the Court, possesses the authority to determine the manner in which credit for prior custody is applied toward a federal sentence. Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) ("The Attorney General—acting through the BOP—initially possesses the exclusive authority under the law of this Circuit to compute sentence credit awards after sentencing."); United States v. Roberson, 746 F. App'x 883, 885 (11th Cir. 2018) ("The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the BOP, as opposed to district courts."). If Defendant has fully exhausted his administrative remedies with the BOP, Defendant may mount a judicial challenge to the BOP's decision by filing a civil action under 28 U.S.C. § 2241 in the district and division of his confinement. Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991); United States v. Gaynor, No. CR 406-014, 2016 WL 4030076, at *1 (S.D. Ga. July 26, 2016); see also United States v. Nyhuis, 211 F. 3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies.") As the Government notes, Defendant has not demonstrated that he has sought administrative relief from this perceived "error" through the BOP, as is required, before a district court could review the matter. Additionally, according to the BOP's website,

Defendant is incarcerated at the Federal Correctional Institution in Beaver, West Virginia. Consequently, even should Defendant pursue a petition pursuant to 28 U.S.C. § 2241, such relief would be outside the jurisdiction of this Court. Based on the foregoing, Defendant's Motion for Credit for Time Served (Doc. 39) is **DENIED**.

SO ORDERED this 2ND day of July 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3