IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 4:18-cr-00083-1 |
| | ) |
| Shahee Gordon, | ) |
|     Defendant. | ) |

## O R D E R

Defendant Gordon has motioned the Court to determine whether he is eligible for an early release/sentence reduction (Doc. 39).

Defendant was sentenced by this Court on August 28, 2018, following his plea of guilty to possession of firearm by a prohibited person. A custodial sentence of 63 months was imposed. Defendant is currently serving that sentence in the custody of the Bureau of Prisons (BOP) with a projected release date of January 15, 2022.

In his motion, Defendant refers to the "situation" brought on by the COVID-19 pandemic, and he inquires as to whether such situation renders him eligible for "early release." He also notes that he "fall[s] under" the First Step Act of 2018.

In the event Defendant is seeking compassionate release, he fails to indicate that he has exhausted his administrative remedies with the BOP in pursuit of such, as required by 18 U.S.C. § 3582(c)(1)(A). Further, Defendant makes no mention of any personal factor that might constitute an "extraordinary and compelling reason" for this Court to reduce his sentence. While Defendant alludes to the "coronavirus" in his motion, he does not describe any medical condition that might render him

Honorable William T. Moore, Jr.
RE:  **GORDON**, Shahee
Order on Motion
Page 2

particularly vulnerable to the dangers of that virus. The Court has, in fact, again reviewed Defendant's presentence investigation report, prepared in 2018, and notes that Defendant then described his physical health as good and that he was taking no medications or receiving treatment for any medical condition.

Defendant also refers to the First Step Act of 2018, which rendered some defendants eligible for sentence reductions if certain conditions were met. One condition was that the defendant's instant conviction be a conviction involving cocaine base. As stated above, Defendant was convicted only of a firearms possession offense. Additionally, Defendant's offense would have had to occur *prior* to the 2010 enactment of the Fair Sentencing Act for him to be eligible for a First Step Act sentence reduction. Defendant's offense occurred in 2017.

In sum, Defendant has offered absolutely no basis for the "early release" he seeks. His motion for sentence reduction is therefore **DENIED**.

SO ORDERED this  19th  day of January, 2021.

_____
WILLIAM T. MOORE, JR.
JUDGE, U.S. DISTRICT COURT